**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER KLEIDMAN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA COURT OF APPEAL FOR THE SECOND APPELLATE DISTRICT; TANI GORRE CANTIL-SAKAUYE; MING W. CHIN; AUDREY B. COLLINS; CAROL A. CORRIGAN; MARIANO-FLORENTINO CUELLAR; DIVISION FOUR OF THE CALIFORNIA COURT OF APPEAL FOR THE SECOND APPELLATE DISTRICT; DOES; NORMAL L. EPSTEIN; JUDICIAL COUNCIL OF CALIFORNIA; LEONDRA R. KRUGER; GOODWIN H. LIU; SUPREME COURT OF CALIFORNIA; KATHRYN M. WERDEGAR; THOMAS L. WILLHITE,<br><br>        Defendants-Appellees. | No. 20-56256<br><br>D.C. No. 2:20-cv-02365-PSG-JDE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 11, 2022<sup></sup>

Before:      McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Peter Kleidman appeals pro se from the district court's judgment dismissing his action alleging violations of federal and state law in connection with his state court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (*Rooker-Feldman* doctrine); *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (dismissal for lack of standing).  We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Kleidman's claims seeking to reopen or set aside rulings in the California state courts because these claims constitute forbidden "de facto appeal[s]" of prior state court judgments or are "inextricably intertwined" with those judgments.  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *Bianchi*, 334 F.3d at 898 (holding that a claim was barred by

---

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rooker-Feldman* because the court "cannot grant the relief [plaintiff] seeks without 'undoing' the decision of the state court").

The district court properly dismissed for lack of standing Kleidman's claims concerning the original jurisdiction of the Supreme Court of California and rules governing the citation of unpublished decisions in state and federal courts because Kleidman failed to allege facts sufficient to establish an injury in fact as required for Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability; "injury in fact" refers to "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[T]hreatened injury must be *certainly impending* to constitute injury in fact, and . . . allegations of *possible* future injury are not sufficient." (citation and internal quotation marks omitted)).

A dismissal for lack of subject matter jurisdiction should be without prejudice to the claims being realleged in a competent court. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004); *see also Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1102 (9th Cir. 2006) (dismissal for lack of standing is a dismissal for lack of subject matter jurisdiction); *Kougasian v.*

*TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissal under *Rooker-Feldman* is a dismissal for lack of subject matter jurisdiction).  We instruct the district court to amend the judgment to reflect that the dismissal of the federal claims is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED with instructions.**